**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-7704**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CORY WILLIAM JONES,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:05-cr-00249-MR-DLH-1; 1:09-cv-00056-MR)

Submitted: August 18, 2015      Decided: August 26, 2015

Before KING and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Cory William Jones, Appellant Pro Se. Amy Elizabeth Ray, Assistant United States Attorney, Jill Westmoreland Rose, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cory William Jones seeks to appeal the district court's orders treating his Fed. R. Civ. P. 60(b) motion and subsequent self-styled Fed. R. Civ. P. 59(e) motion as successive 28 U.S.C. § 2255 (2012) motions, and dismissing them on that basis. We dismiss in part and affirm in part.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order denying Jones' Rule 60(b) motion was entered on August 18, 2014. The single notice of appeal appealing both orders was filed on November 12, 2014.[1] Because Jones failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period with respect to the

---

[1] For the purpose of this appeal, we assume that the date appearing on Jones' notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

district court's August 18 order denying Jones' Rule 60(b) motion, we dismiss the untimely appeal for lack of jurisdiction.[2]

Jones also appeals the district court's order entered on October 14, 2014, dismissing his second motion for reconsideration, best construed as another Rule 60(b) motion. The district court properly characterized this motion as another successive § 2255 motion and dismissed it for lack of jurisdiction. Accordingly, we affirm the district court's order. See United States v. McRae, ___ F.3d ___, 2015 WL 4190665 (4th Cir. July 13, 2015) (holding that, where a district court dismisses a Rule 60(b) motion construing it as a successive habeas motion, the movant need not obtain a certificate of appealability to appeal). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

---

[2] Jones' second motion for reconsideration did not delay the deadline to note that appeal because it was filed more than 28 days after entry of the August 18 order. Fed. R. App. P. 4(a)(4)(A)(iv).